UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRIAM ZEMEL and all others similarly    )
situated under 29 U.S.C. 216(b),         )   CASE NO.:
                                      )
          Plaintiffs,         )
   vs.                          )
                                      )
DSCC, LLC. and DANIEL ATTAR a/k/a   )
CHARLIE ATTAR,                 )
                                      )
         Defendants.        )
_____ )

## **COMPLAINT**

Plaintiff, MIRIAM ZEMEL, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, DSCC, LLC. and DANIEL ATTAR a/k/a CHARLIE ATTAR, jointly and severally and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant DSCC, LLC., is a Foreign Limited Liability Company registered in Florida that regularly transacts business within the Southern District of Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, DANIEL ATTAR a/k/a CHARLIE ATTAR, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and/or was responsible for paying Plaintiff her wages for the relevant time period and/or controlled Plaintiff's work and schedule and was

therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5.   Defendants hired Plaintiff in the Southern District of Florida and Plaintiff received payments from Defendants in the Southern District of Florida. Additionally, Plaintiff's work occurred in the Southern District of Florida.

6.   All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

7.   This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9.   29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a coordinator from on or about October 2021 through to on or about February 3, 2023.

11. Defendants' business activities involve those to which the Fair Labor Standards Act

applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to her by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Plaintiff, as part of her regular work duties, used the interstate wire communications service to perform her job duties for her work with Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2021 and 2022.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2023.

15. Between the period of on or about January 2022 through to on or about December 2022, Plaintiff worked approximately 140 overtime hours for Defendants and was paid an average of $30.67[1] for all hours worked in violation of the Fair Labor Standards Act. Plaintiff therefore claims her half-time overtime rate for all hours worked in excess of forty (40) each week.

16. Defendants willfully and intentionally refused to pay Plaintiff her overtime wages as

---

[1] This hourly rate was calculated using Plaintiff's salary divided by the number of hours worked.

required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified in paragraph 15 above.

**Wherefore**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: BREACH OF CONTRACT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

 COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. In August of 2022, Defendants and Plaintiff verbally agreed for Defendants to pay Plaintiff a $20,000.00 increase in salary; this was a material term to insure Plaintiff's continued employment.

18. Shortly thereafter, Defendants proposed to give Plaintiff her promised salary increase in the form of lump sum payments by October 2022 in the amount totaling $20,000.00 and Plaintiff agreed to the same.

19. Defendants paid Plaintiff a lump sum payment of $10,000.00 but remain owing the Plaintiff the remaining $10,000.00 to complete the agreed $20,000.00 pay increase referenced in ¶ 17

above.

20. In August of 2022, Defendants and Plaintiff agreed for Defendants to pay Plaintiff's health insurance as part of her employment package; this was a material term to insure Plaintiff's continued employment.

21. Defendants failed to pay Plaintiff's health insurance in breach of the agreement to do so.

22. On or about February 3, 2023, Defendants, as part of Plaintiff's separation with her employment, agreed to provide Plaintiff with severance pay in the amount of $10,000.00, in addition to the salary increase and health insurance payments referenced above.

23. To date, Defendants have only paid $5,000.00 of the $10,000.00 severance pay owed to Plaintiff, and remain owing $5,000.00 in severance pay to Plaintiff.

24. Plaintiff has satisfied all conditions precedent to bringing this action and Plaintiff has performed all duties as required under the Agreement by and between Plaintiff and Defendants, jointly and severally.

25. Defendants breached the contract by (i) failing to pay Plaintiff the remaining $10,000.00 of the salary increase; (ii) failing to pay Plaintiff's health insurance from August of 2022 through to the end of Plaintiff's employment at approximately $500.00 per month; and (iii) failing to pay Plaintiff the remaining $5,000.00 due to her for severance pay.

26. Defendants breached the contract with Plaintiff and Plaintiff has been damaged.

**Wherefore**, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III - UNJUST ENRICHMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-26 above and further states:

27. Plaintiff's Claim for Breach of Contract (Count II), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiff seeks this claim in equity based on such facts, should it be determined she cannot recover at law under a breach theory.

34. Due to the aforesaid facts (also relevant to Plaintiff's claim for breach of contract), the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly.  Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them, Defendants entered into a contract with Plaintiff wherein Plaintiff has performed all duties as required under the written contract, Defendants chose to maximize their own personal profits, and Plaintiff did not seek alternative work as she relied on the Agreement and the terms therein.

35. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for.

**WHEREFORE**, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
     Florida Bar Number: 0010121