United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Miriam Zemel, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21196-Civ-Scola |
| | ) |
| DSCC, LLC., and others, | ) |
| Defendants. | ) |

### Order Denying Motion to Dismiss Amended Complaint

This matter is before the Court on the motion to dismiss filed by Defendants DSCC, LLC. ("DSCC") and Daniel Attar. (Mot. Dismiss, ECF No. 29.) Plaintiff Miriam Zemel has responded in opposition. (Resp., ECF No. 30.) The Defendants have not replied in support of their motion, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendants' motion to dismiss. (**ECF No. 29**.)

1. Background

Plaintiff Miriam Zemel brings suit against DSCC and Daniel Attar for relief relating to her employment with DSCC for the last two years as a construction coordinator and as Mr. Attar's assistant. (Am. Compl. ¶¶ 4-6, 10, ECF No. 21.) She pleads three counts for relief: Count I, for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201 *et seq.*); Count II, for breach of contract; and Count III, for unjust enrichment, in the alternative to Count II. (*Id.* ¶¶ 7-43.) The gravamen of the Plaintiff's amended complaint is that the Defendants failed to pay the Plaintiff (and others) overtime or "minimum wages for work performed in excess of 40 hours weekly" over the past several years, in violation of the FLSA, and also failed to honor verbal agreements relating to the Plaintiff's salary. (*Id.* ¶¶ 7, 14, 29, 41.) The Defendants do not challenge the Plaintiff's FLSA claim—only the breach of contract and unjust enrichment claims.

In her breach of contract claim, the Plaintiff alleges that Mr. Attar, individually and on behalf of DSCC, "verbally and via email agreed for Defendants to pay Plaintiff a $20,000.00 increase in salary" in August of 2022. (*Id.* ¶ 29.) In exchange, she pleads, she agreed "to not quit work" or to "look for work elsewhere." The salary increase was also supposed to cover additional work duties that the Plaintiff would be expected to handle. (*Id.*) While the Defendants paid part of the Plaintiff's negotiated salary increase, the Plaintiff alleges that they still owe her $10,000.00. (*Id.* ¶ 32.) The Defendants also agreed to pay the Plaintiff a $10,000.00 severance on January 22, 2023, so long as the Plaintiff remained

working for them for the next two weeks. (*Id.* ¶ 35.) The Defendants only paid $5,000.00 of the agreed-upon severance. (*Id.* ¶ 37.)

In her unjust enrichment claim, the Plaintiff alleges much the same facts, alleging that her continued work for the Defendants conferred a benefit upon them, which they in turn failed to fully reimburse her for. (*Id.* ¶ 42.) Because the Plaintiff bases Count III on the same set of facts, she incorporates some of the factual allegations from Count II into Count III—specifically, those detailing her work for the Defendants. (*Id.* at 11.) The Plaintiff pleads this claim in the alternative, asserting it only if she is "unable to prevail on her breach of contract claim" in Count II. (*Id.* ¶ 41.)

The Defendants move to dismiss Counts II and III, arguing that the Plaintiff has failed to plead sufficient facts demonstrating consideration for her breach of contract claim, and that she only recites legal conclusions in support of her unjust enrichment claim. (Mot. Dismiss at 4-6.) The Defendants also argue that the amended complaint is a shotgun pleading because the Plaintiff incorporates some factual allegations from her breach of contract claim into her unjust enrichment claim. (*Id.* at 5.) The Plaintiff opposes each argument in response.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock

the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

The Court finds the Plaintiff's claims for breach of contract and unjust enrichment to both state a claim upon which relief may be granted. Further, the amended complaint is not a shotgun pleading. The Court will address each argument in turn.

To plead a breach of contract claim under Florida law, a plaintiff must allege the following: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *ega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citation omitted). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* (citation omitted). Crucially here, "[u]nder Florida law, 'a promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do.'" *Bhim v. Rent-A-Ctr., Inc.*, 655 F. Supp. 2d 1307, 1312 (S.D. Fla. 2009) (Moore, J.) (quoting *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. 1st DCA 2005)) (cleaned up).

The Plaintiff properly pleads mutual consideration for her alleged pay raise. First, she pleads that the Defendants offered her an increase in salary of $20,000.00. (Am. Compl. ¶ 29.) Second, she pleads that she offered two forms of consideration in return—that she would take on additional work duties and that she would not quit or look for employment elsewhere. (*Id.*) This is sufficient, mutual consideration. *Bhim*, 655 F. Supp. 2d at 1312 (finding an employer's consideration of continued employment of an employee to be sufficient to support arbitration agreement relating to that employment).

Finally, the Defendants' arguments that the amended complaint lacks "the type of detail required to make a viable claim" are unavailing. (Mot. Dismiss at 4.) The Defendants provide no support for this argument, choosing instead to argue only the sufficiency of the pleadings relating to consideration. (*Id.*) Regardless, the Plaintiff's factual allegations clearly establish a period of negotiation between the parties and an ultimate agreement relating to her pay raise and continued

employment. (Am. Compl. ¶¶ 21-29.) Accordingly, the Court will not dismiss Count II.

Next, the Plaintiff's claim for unjust enrichment is not a shotgun pleading. The Defendants misapply the Eleventh Circuit's precedent by arguing that the unjust enrichment count wrongly incorporates allegations from the Plaintiff's breach of contract count. (Mot. Dismiss at 5.) The Eleventh Circuit identifies the relevant category of shotgun pleadings as complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).

The Plaintiff's complaint incorporates eight paragraphs of factual allegations from the breach of contract count into the unjust enrichment count. (Am. Compl. at 11 (readopting "the factual and jurisdictional statements in paragraphs 1-5, 10-13, and 21-28.").) This is not the first type of shotgun pleading that the Eleventh Circuit identified in *Weiland*. In that type, "where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors (i.e., predecessor *counts*)," the result is a "situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." 792 F.3d at 1324 (cleaned up). That is not the case here. Rather, the Plaintiff incorporates only relevant factual allegations from the prior count. Accordingly, the amended complaint is not a shotgun pleading.

Finally, the Plaintiff sufficiently pleads her claim for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must plead the following elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Vera v. Mkt. Wood LLC*, No. 21-23837-CIV, 2022 WL 18865029, at *2 (S.D. Fla. Feb. 3, 2022) (Moreno, J.), *aff'd*, No. 22-14088, 2023 WL 3596431 (11th Cir. May 23, 2023). The Defendants argue that the Plaintiff pleads only legal conclusions in support of this count. (Mot. Dismiss at 6-7.)

The Plaintiff clearly pleads factual support for each point. First, she alleges that she conferred on the Defendants the benefits "of continuing to work" and of being "available for assignments at Attar's discretion." (Compl. ¶ 42.) Second, she alleges that DSCC and Mr. Attar knew of that benefit (*Id.*), and the other factual allegations relating to her employment clearly imply knowledge. (*See, e.g., id.* ¶¶ 25-26.) Third, she alleges that the Defendants accepted those benefits. (*Id.* ¶ 42.) Fourth, and finally, the Plaintiff establishes that it would be inequitable for the Defendants to retain the benefits they promised her when she did in fact perform the additional duties she promised to fulfill, and the Defendants instead

did not pay her because of Mr. Attar's alleged misuse of DSCC's funds for his personal affairs. (*Id.* ¶¶ 25-26, 42.) Contrary to the Defendants' arguments, these are sufficient factual assertions to support the Plaintiff's unjust enrichment claim. Accordingly, the Court also will not dismiss Count III.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendants' motion to dismiss. (**ECF No. 29**.)

**Done and ordered** in Miami, Florida, on July 18, 2023.

Robert N. Scola, Jr.
United States District Judge